United States District Court
Southern District of Texas

**ENTERED**

June 10, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PATRICK SHIH, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-2274 |
| | § | |
| BLUE CROSS AND BLUE SHIELD OF | § | |
| TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Patrick Shih is an emergency neurosurgeon.  He has sued Blue Cross and Blue Shield of Texas, seeking full reimbursement for the medical services he provided patients insured by Blue Cross.  After this court dismissed Shih's complaint without prejudice and with leave to amend, (Docket Entry No. 19), Shih filed his first amended complaint, (Docket Entry No. 22).  Blue Cross has now moved to dismiss Shih's complaint under Rule 12(c).  (Docket Entry No. 23).  Based on the pleadings, the motion, the record, and the applicable law, the court grants in part and denies in part the motion to dismiss.

I.      **Background**

Patrick Shih is outside Blue Cross's insurance network.  (Docket Entry No. 22 ¶ 1).  Under state law, Shih is required to provide "emergent care to all patients, regardless of their ability to pay or the source of payment."  (*Id.* ¶ 8).  In many cases, Shih renders "necessary post-stabilization, non-emergency services that [are] part of the same episode of care."  (*Id.*).  Shih alleges that he rendered such services for about 30 Blue Cross insureds.  (Docket Entry No. 22-1).

Shih alleges that he submitted his charges for reimbursement to Blue Cross.  (Docket Entry No. 22 ¶¶ 22–23).  Blue Cross allegedly accepted coverage on behalf of its insureds and made

partial payments for most patients. (*Id.*). Shih alleges that these payments were well below the usual and customary rates required by Texas law and the terms of coverage between Blue Cross and the insureds. (*Id.* ¶¶ 22–23, 40). Shih alleges that Blue Cross systemically failed and refused to pay him for his outstanding claims for full reimbursement in connection with providing these services. (*Id.* ¶¶ 25–27). Shih alleges that the aggregate amount due on these claims exceeds $249,561.24, plus applicable interest, penalties, and attorneys' fees. (*Id.* ¶ 30).

Shih alleges four counts in his complaint: (1) violations of the Texas Prompt Pay Act; (2) violations of the Texas laws requiring payment of emergency services; (3) breach of an implied-in-law contract; and (4) money had and received. (*See id.* ¶¶ 34–66). Shih also requests attorneys' fees. (*Id.* ¶¶ 67–69). Blue Cross moves to dismiss the breach of an implied contract and the money-had-and-received claims, as well as the request for attorneys' fees. (*See* Docket Entry No. 23 at 2).

## II.    The Legal Standard

A motion to dismiss under Rule 12(c) is evaluated under the same standard as a motion under Rule 12(b)(6). *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550

U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (cleaned up).

### III.    Analysis

The court dismisses Shih's claims for an implied-in-law contract and for money had and received.  Texas law does not allow emergency-care professionals to pursue common-law equitable claims against insurance companies for the medical services provided to insureds. Because one basis for Shih to seek attorneys' fees remains, the court does not dismiss this part of Shih's complaint.

### A.    The Implied-in-Law Contract Claim

Shih alleges that the law implies a contract between himself and Blue Cross.  (Docket Entry No. 22 ¶¶ 51–62).  An implied-in-law contract is "not a contract at all but an obligation imposed by law to do justice even though it is clear that no promise was ever made or intended."  *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (citation omitted).  "The principal function of quasi-contract is generally said to be that of prevention of unjust enrichment."  *Id.* at 683 (citation omitted).  "A contract implied in law, or a quasi-contract, is distinguishable from a true contract because a quasi-contract is a legal fiction, an obligation imposed by law regardless of any actual agreement between the parties."  *Graves v. Logan*, 404 S.W.3d 582, 585 (Tex. App.—

3

Houston 2010, no pet.) (quoting *Fraud–Tech, Inc. v. Choicepoint, Inc.*, 102 S.W.3d 366, 386 (Tex. App.—Fort Worth 2003, pet. ref'd)).

This court has previously dismissed a similar implied-in-law contract claim alleged by emergency-medicine providers. *W. Grey Props., LLC v. Blue Cross & Blue Shield of Texas*, No. CV H-24-1275, 2024 WL 4374128, at *3–4 (S.D. Tex. Oct. 2, 2024). This court held that the providers in that case failed to allege that Blue Cross "would be unjustly enriched if the court did not find and enforce an implied-in-law contract." *Id.* at *4. Shih's complaint includes allegations that attempt to correct this deficiency. Shih alleges that he conferred a benefit on Blue Cross because "the emergency care of out-of-network specialists at emergency departments is essential and necessary to allow [Blue Cross] to satisfy its contractual and other legal obligations to its members and dependents of members." (Docket Entry No. 22 ¶ 61).

The problem with Shih's allegation is that Texas law does not permit such an implied-in-law contract claim against an insurance company. The Texas Supreme Court has rejected the theory that, as a matter of law, an emergency medicine physician or facility confers a benefit on an insurance company in providing emergency services to the insurance company's insureds. *Tex. Med. Res., LLP v. Molina Healthcare of Texas, Inc.*, 659 S.W.3d 424, 436–37 (Tex. 2023). In holding that an emergency-room physician's quantum-meruit claims against insurance companies failed, the Texas Supreme Court explained that an "emergency-room physician does not undertake to provide life-saving treatment for an HMO or any other kind of insurance company." *Id.* at 437. The court held that doctors could not "satisfy the second element of a quantum meruit claim as a matter of law," because serving an insured "is hardly the same as serving" the insurance company itself. *Id.* (quoting *Angelina Emergency Med. Assocs. P.A. v. Health Care Serv. Corp.*, 506 F. Supp. 3d 425, 432 (N.D. Tex. 2020)). Simply put, "[r]ecovery in quantum meruit cannot be had

4

from an insurer based on services rendered to an insured, because those services aren't directed to or for the benefit of the insurer." *Id.* (quoting *Angelina Emergency Med.*, 506 F. Supp. 3d at 432).

Although Shih technically asserts an implied-in-law contract claim, not a quantum-meruit claim, this is a distinction without a difference. "[Q]uantum meruit, quasi-contract, and an implied at law contract are equivalent terms for an equitable remedy." 26 WILLISTON ON CONTRACTS § 68:1 (4th ed. 2026); *see Black Lake Pipe Line Co. v. Union Const. Co., Inc.*, 538 S.W.2d 80, 86 (Tex. 1976) ("[T]he right to recover in [q]uantum meruit is based upon a promise implied by law to pay for beneficial services rendered and knowingly accepted."). The "principal function of quasi-contract is" the "prevention of unjust enrichment." *Fortune Prod.*, 52 S.W.3d at 684 (citation omitted). The Texas Supreme Court's holding in *Texas Medicine* that doctors cannot state a claim for quantum meruit precludes Shih's claim for breach of an implied-in-law contract. *Cf. Molina Healthcare of Texas, Inc. v. ACS Primary Care Physicians Sw.*, PA, No. 01-21-00727-CV, 2024 WL 3608192, at *1, *3 & n.1 2024 WL 3608192 (Tex. App.—Houston [1st Dist.] Aug. 1, 2024) (noting the parties' agreement that, as a result of the Texas Supreme Court's decision, the plaintiff could not state a quantum meruit or implied-in-law contract claim).

Shih's implied-in-law contract claim is dismissed, with prejudice because amendment would be futile.

### B.      The Money-Had-and-Received Claim

Shih also asserts a claim for money had and received. (Docket Entry No. 22 ¶¶ 22–66). To state a claim for money had and received, a plaintiff must allege (1) that the defendant received money and (2) that the money belongs to the plaintiff, in equity and good conscience. *Yowell v. Granite Operating Co.*, 630 S.W.3d 566, 578 (Tex. App.—Amarillo 2021, pet. denied). A claim for money had and received "belongs conceptually to the doctrine of unjust enrichment." *Edwards*

5

*v. Mid-Continent Office Distributors, L.P.*, 252 S.W.3d 833, 837 (Tex. App.—Dallas 2008, pet. denied) (quoting *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ)).

Because Shih asserts a claim in equity, *Texas Medicine* bars relief.  Doctors cannot satisfy the second element of a quantum-meruit claim as a matter of law because serving an insurance company's insureds does not benefit the insurance company itself.  *See Tex. Med.*, 659 S.W.3d at 436–37.  "[C]ourts have refused to recognize an unjust enrichment or quantum meruit cause of action against the insurer 'based on healthcare services provided to a participant or beneficiary of a healthcare insurance policy or plan.'"  *Windmill Wellness Ranch, L.L.C. v. Blue Cross & Blue Shield of Texas*, No. SA-19-CV-01211-OLG, 2020 WL 7017739, at *7 (W.D. Tex. Apr. 22, 2020) (quoting *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 962 F. Supp. 2d 887, 898 (S.D. Tex. 2013), *aff'd in part, rev'd in part on other grounds*, 614 Fed. App'x 731 (5th Cir. 2015)).  Equitable claims to recover specific funds, like claims for money had and received, are not cognizable under Texas law in this context: "providing health care services to" a company's "members or beneficiaries . . . is not the type of 'benefit' that can support a quantum meruit or unjust enrichment claim" against Blue Cross.  *Id.* at *7.  Under the applicable law, Blue Cross did not receive money or services of value from Shih that should, in equity, belong to him.

Shih's argument that he provides Blue Cross a benefit by bearing the costs of underpayment and foregoing the interest on the balance that Blue Cross retained does not plead Shih out of *Texas Medicine*'s bar.  (*See* Docket Entry No. 25 at 4).  This argument restates the contention that *Texas Medicine* rejected.  It assumes that Shih conferred a benefit on Blue Cross by servicing its insureds and that Blue Cross's failure to pay the full amount for that benefit means that Blue Cross has retained money to which Shih has a right.  But if Blue Cross does not face

6

unjust-enrichment liability for the services Shih rendered to Blue Cross's patients, then it cannot face unjust-enrichment liability for the costs Shih allegedly bore in providing those services. Because Shih did not provide Blue Cross a benefit, Blue Cross does not possess money that is rightly Shih's.  Shih's claim for money had and received is dismissed, with prejudice because amendment would be futile.

> ### C.   Attorneys' Fees

With Shih's equitable claims dismissed, the remaining question is whether Shih can recover attorneys' fees in connection with his surviving claims under the Texas Prompt Pay Act and the Texas Emergency Care Statute.  Shih effectively concedes that he can recover fees only under Sections 843.342(g) and 1301.137 of the Texas Insurance Code.  (*See* Docket Entry No. 25 at 7–9).  Blue Cross did not move to dismiss Shih's request for fees under these sections of the Texas Insurance Code.  (*See* Docket Entry No. 23 at 8–9; *see generally* Docket Entry No. 30). Shih's request for attorneys' fees under Chapter 1467 of the Texas Insurance Code and Section 38.001 of the Texas Civil Practice and Remedies Code is dismissed, with prejudice.

## IV.   Conclusion

For these reasons, the motion to dismiss, (Docket Entry No. 23), is granted in part and denied in part.  Shih's implied-in-law contract claim, money-had-and-received claim, and request for attorneys' fees under Chapter 1467 of the Texas Insurance Code and Section 38.001 of the Texas Civil Practice and Remedies Code are dismissed, with prejudice.  Shih's request for fees under Sections 843.342(g) and 1301.137 of the Texas Insurance Code survive dismissal.

SIGNED on June 10, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

7